FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

20 JUN 26  PM 2:31

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JOHN W. LEE,                    *
                                *
        Plaintiff,              *
                                *
        v.                      *           CV 119-012
                                *
CORRECT CARE SOLUTIONS, LLC,    *
et al.,                         *
                                *
        Defendants.             *

**O R D E R**

Before the Court are (1) Defendants Augusta-Richmond County and Mayor Hardy Davis's motion to dismiss (Doc. 59) and (2) several defendants' motion to dismiss for want of prosecution or, in the alternative, compel discovery responses (Doc. 93). For the following reasons, this action is **DISMISSED WITHOUT PREJUDICE.**

**I. BACKGROUND**

Plaintiff initiated the present action on January 24, 2019. (Compl., Doc. 1.) The action primarily alleges Defendants refused to furnish Plaintiff with prescribed medication during his incarceration. (See Second Am. Compl., Doc. 58, ¶¶ 63, 77, 90-94, 102, 124-25, 132-33, 301-03, 310-16, 334, 362-63.) On September 11, 2019, Defendants Augusta-Richmond County and Mayor Hardy Davis ("Augusta Defendants") filed their motion to dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(6). (Augusta Defs.' Mot. to Dismiss Second Am. Compl., Doc. 59.)

In December, Plaintiff's counsel moved to withdraw citing Plaintiff's failure to maintain contact. (Mot. to Withdraw, Doc. 89; Mot. to Withdraw Ex., Doc. 89-1.) Plaintiff's counsel complied with the Court's Local Rules requiring him to provide Plaintiff notice of his intent to withdraw. (Dec. 19, 2019 Order, Doc. 91.) Therefore, upon receiving no objection from Plaintiff, the Court granted Plaintiff's counsel's motion to withdraw on December 19, 2019. (Id.)

Approximately one month after the Court granted Plaintiff's counsel's motion to withdraw, many of the defendants ("Medical Defendants") collectively filed their motion to dismiss for want of prosecution or, in the alternative, compel discovery responses. (Medical Defs.' Mot. to Dismiss for Want of Prosecution, Doc. 93.) After another month passed, Plaintiff moved the Court to appoint counsel. (Mot. to Appoint Counsel, Doc. 98.) The Court denied Plaintiff's motion and instructed Plaintiff to retain counsel or inform the Court of his intent to proceed *pro se* within thirty days of the Court's May 4, 2020 Order. (May 4, 2020 Order, Doc. 101, at 5.) Plaintiff was informed that his failure to comply with the May 4, 2020 Order "may result in dismissal of [his] operative complaint" (id.), but he nevertheless failed to comply with the Court's Order on or before June 3, 2020.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." As the Supreme Court stated, "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). The authority to mandate diligent prosecution derives from the district courts' historical power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id. at 630-31.

Under Local Rule 41.1, "[T]he assigned Judge may, after notice . . . , *sua sponte*, or on motion of any party, dismiss any action for want of prosecution with or without prejudice" for "[w]illful disobedience or neglect of any order of the Court[] or . . . [a]ny other failure to prosecute a civil action with reasonable promptness." Courts considering dismissal with prejudice for failure to prosecute must determine "whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (citation and internal quotation marks omitted). Dismissal without prejudice, however, does not mandate such a strict showing because dismissal without prejudice is "not

an adjudication on the merits." Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007).   Ultimately, whether to dismiss a complaint for failure to prosecute is within the district court's discretion.   See Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam).

The Court dismisses this case without prejudice.   Throughout this action, Plaintiff has shown a lack of desire to prosecute the case diligently.   Plaintiff's counsel withdrew from the case because Plaintiff failed to respond to his communication attempts. (Mot. to Withdraw, at 1-2.)   Within Plaintiff's counsel's notice of his intent to withdraw, Plaintiff's counsel even expressed concern that Plaintiff had suffered a health problem.   (Mot. to Withdraw Ex.)   Plaintiff failed to contact his counsel or the Court prior to the Court granting his counsel's motion to withdraw.   In fact, nearly three months separated Plaintiff's counsel's motion to withdraw and the next time Plaintiff participated in the case — filing his motion to appoint counsel.

Between those significant dates, Medical Defendants moved to dismiss for want of prosecution.   The motion to dismiss for want of prosecution contends that Medical Defendants lack discovery responses from Plaintiff, despite multiple extensions.   (Mot. to Dismiss for Want of Prosecution, at 1-3.)   Plaintiff's counsel notified defense counsel of the difficulties he experienced attempting to obtain responses to his communications with

Plaintiff.   (Mot. to Dismiss for Want of Prosecution Ex. B, Doc. 93-2.)

In deciding Plaintiff's motion to appoint counsel and recognizing issues associated with changing counsel, the Court initially chose the lesser sanction of effectively staying the case and ordering Plaintiff, if he intended to proceed with this litigation, to either acquire replacement counsel or notify the Court of his intent to proceed *pro se* and file a response to the motion to dismiss for want of prosecution.   The Court warned Plaintiff of potential consequences of noncompliance with the Order.   Although it is unclear if Plaintiff's noncompliance was willful, Plaintiff's repeated lack of interest in prosecuting this action — portrayed both to his attorney and the Court — meets the standard for dismissal.   "Dismissal pursuant to Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'" Hayes v. Toole, No. 6:16-cv-20, 2018 WL 1400974, at *3 (S.D. Ga. Mar. 20, 2018) (quoting Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Taylor provides guidance to the situation at hand.   251 F. App'x at 618-21.   In Taylor, the district court ordered the plaintiffs to file an amended complaint.   Id. at 619.   The plaintiffs received warning that "failure to follow the[] requirement[] may result in sanctions including but not limited to

dismissal with prejudice." Id. at 619. "Despite the[] explicit instructions, [the plaintiffs] did not file an amended complaint by" the district court's deadline. Id. at 620. Accordingly, the Eleventh Circuit affirmed the district court's dismissal without prejudice. Id. at 621; see also Anthony v. Brown, No. CV 113-058, 2014 WL 1340228, at *1, *3-4 (S.D. Ga. Apr. 3, 2014) (adopting Report and Recommendation that case should be dismissed without prejudice after the Court warned the plaintiff that his failure to respond to motions to dismiss for want of prosecution would result in dismissal).

Lesser possible sanctions would not serve the interests of justice. See Goforth, 766 F.2d at 1535. Federal Rule of Civil Procedure 37(b)(2) outlines a number of sanctions from which district courts may draw:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or

> (vii) treating as contempt of court the failure to obey any order . . . .

Other than dismissal, the above-referenced sanctions (1) are inapplicable; (2) prejudice Defendants; (3) were already imposed; or (4) would result in the same outcome, dismissal of Plaintiff's second amended complaint. As noted, in light of potential issues related to the withdrawal of his representation — though Plaintiff appears primarily responsible for forcing his counsel's withdrawal — the Court refrains from going so far as to dismiss Plaintiff's case with prejudice.

### III. CONCLUSION

For the foregoing reasons, Medical Defendants' motion to dismiss for want of prosecution (Doc. 93) is **GRANTED**. Further, the Court *sua sponte* **DISMISSES** Plaintiffs' second amended complaint as to all non-Medical Defendants. Augusta Defendants' motion to dismiss (Doc. 59) is **DENIED AS MOOT**. The Clerk is **DIRECTED** to **ENTER** an appropriate judgment of **DISMISSAL WITHOUT PREJUDICE**; **TERMINATE** all other motions and deadlines, if any; and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of June, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA